# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 4:09CV3017 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JUDGMENT AND DECREE |
| MELISSA WOODSON a/k/a MELISSA ) | OF FORECLOSURE |
| EMERALD-ANN WOODSON a/k/a ) | AND ORDER OF SALE |
| MELISSA JUERGEN a/k/a MELISSA ) | |
| JUERGENA a/k/a MELISSA ) | |
| JURGENA, and MIDLAND FUNDING ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Filing No. 11.) The Plaintiff appears by and through its attorneys, Joe W. Stecher, United States Attorney for the District of Nebraska, and Paul D. Boeshart, Assistant United States Attorney for the District. The Defendants Melissa Woodson a/k/a Melissa Emerald-Ann Woodson a/k/a Melissa Juergen a/k/a Melissa Juergena a/k/a Melissa Jurgena and Midland Funding LLC each received a copy of the Complaint in this action, and each waived service of summons on February 12, 2009, and March 23, 2009, respectively. (Filing Nos. 4, 7.) Having failed to answer or otherwise appear or plead to the allegations contained in the Complaint, the Defendants are in default in this action.

The Court has examined the record of these proceedings and, having been fully advised in the premises, makes the following findings of fact.  The Court has jurisdiction of theses proceedings pursuant to 28 U.S.C. § 1345. Due and legal notice of the pendency of this action has been given; and the Court has acquired jurisdiction of all the parties.

The Clerk has filed an entry of default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure and the Court's local rules. (Filing No. 10.) The motion for default judgment (Filing No. 11) is supported by the Affidavit of Timica Emerson (Filing No. 12, Attach. 1) and the Declaration of Paul D. Boeshart (Filing No. 19, Attach. 2). When a proper motion for default judgment is raised, a court will bind the party facing the default as having admitted all the well-pleaded allegations in the Plaintiff's Complaint. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988); Fed. R. Civ. P. 55(b)(2)). Accordingly, the allegations contained in the Plaintiff's Complaint will be accepted as true, and the Plaintiff is entitled to a Decree of Foreclosure and Order of Sale as prayed.

The premises described below will sell to the best advantage in one entire tract. There is due and owing to the Plaintiff as of June 11, 2009: the principal sum of $96,612.01; accrued interest in the amount of $11,913.20; and interest accruing at the rate of $17.70 per day from June 11, 2009, until the date of entry of this decree. Interest will accrue on the sums from and after the date of entry of this decree at the legal rate of .53% computed daily and compounded annually until paid in full. That amount due Plaintiff as stated herein is the first lien on the following described real estate in Otoe County, Nebraska, to-wit:

> Lots Eleven (11) and Twelve (12), Block Twenty-Two (22),
> Prairie City Addition to Nebraska City, Otoe County, Nebraska.

For the foregoing reasons,

IT IS ORDERED, ADJUDGED, AND DECREED:

1.  The Plaintiff's Motion for Default Judgment (Filing No. 11) is granted;

2

2. Judgment *in rem* should be and hereby is entered against the Defendants and the real estate which is the subject of this action;

3. The foregoing findings are made a part of this decree and order and by this reference incorporated herein;

4. If the costs as indicated below and the several amounts above found due and interest thereon are not paid within twenty (20) days from the date of this Decree, then all equity of redemption in the premises shall be foreclosed and the premises sold as upon execution in one entire tract;

5. Plaintiff shall apply for and the Clerk of the United States District Court shall issue an Order of Sale;

6. The United States Marshal for the District of Nebraska shall thereupon advertise and sell, according to law, the aforementioned property;

7. As upon execution, the United States Marshal shall report his proceedings under this Decree and Order to this Court and shall deposit the proceeds of the sale, if any, into the Registry of the Court;

8. Upon confirmation of the sale, the Clerk shall apply the proceeds as follows:

    a. First, to the payment of the costs of the Plaintiff, and to the United States Marshal for service of Summons and Complaint and execution of Order of Sale;

    b. Second, to the payment of the amount found due the Plaintiff with interest thereupon according to law;

    c. Third, to the payment of the costs of the United States Marshal for per diem and special requirements;

      That the Clerk shall retain in the Registry of the Court any surplus from the sale until further order of the Court;

9. The aforementioned costs will be determined, after confirmation of sale, pursuant to the procedures described in NECivR 54.1; and

10. Upon confirmation by the Court of the sale of the aforementioned real estate, the United States Marshal shall execute a deed to the purchaser(s); and the parties of this Decree and Order and all persons claiming under them are ordered to deliver possession of the real estate to such purchaser(s).

DATED this 7th day of July, 2009.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge